their relations in life, to be entirely free from any wrong or any act of doubtful propriety. All must see the impropriety of lawyers being connected with any conveyance of real estate, the purpose or effect of which would be to evade the provisions ot any law. I find that previous to the act of 1847, [Laws N. Y. 1847, c. 280,] and the acts amendatory thereof, an attorney occupied the same relative position as his client in relation to giving testimony, and was privileged only as to matters which his client could not be compelled to disclose. But now, whenever and wherever the client can be compelled as a witness to testify to any fact, then the attorney must also testify; the statutes of this state having abrogated the former common-law rule to that effect. That the witness in this case is not privileged—as the mere act of receiving and conveying the title to real estate about which there has not been any action pending, does not bring him within the former common-law rule as to privileged communications to attorneys and counsel—and since the act of 1847, no such privilege exists which can be claimed for the witness in this case. That the questions are pertinent to the issue, and proper, and the witness must answer.

John Fitch, Register.

BLATCHFORD, District Judge. On the facts stated by the register the five questions set forth were proper, and must be answered by the witness, and are not within the privilege of confidential communications between attorney and client.

[NOTE. For subsequent proceedings in this matter, see Cases Nos. 1,275 and 1,276.]

---

## Case No. 1,275.

### In re BELLIS et al.

[4 Ben. 53; [1] 3 N. B. R. 496, (Quarto, 124.)]

District Court, S. D. New York. Feb. 2, 1870.

BANKRUPTCY—BOOKS OF ACCOUNT—SPECIFICATION OF OPPOSITION TO DISCHARGE.

1. Where it appeared that the bankrupts, being merchants, had not for ten months kept a cash-book, and that it was impossible to tell from their books what was their financial condition when they suspended business, held, that a discharge must be refused.

2. A specification of opposition to a bankrupt's discharge, averring that the bankrupt had not kept proper books of account in his business, in that such books do not show what moneys were received, or what disposition was made of them, is sufficiently specific to admit evidence that no cash-book whatever was kept for a time.

[3. Cited in Re Archenbrown, Case No. 505, to the point that the test as to whether books are proper books of account is whether a competent accountant could from the books themselves ascertain the debtor's financial condition.]

[4. Cited in Re Jacobs, Case No. 7,160, as to the power of the court to grant leave to amend defective specifications.]

[See In re Smith, 16 Fed. 465.]

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[In bankruptcy. Petition for discharge by Garret S. Bellis and James Milligan, bankrupts. Discharge refused.

[For prior proceedings in this matter, see Cases Nos. 1,274 and 1,276.]

J. N. Piper, for creditors.
Abbett & Fuller, for bankrupts.

BLATCHFORD, District Judge. The discharge of the bankrupts is opposed on the ground, as stated in one of the specifications, that, since the passing of the bankruptcy act, the bankrupts, being merchants or tradesmen, have not kept proper books of account in their business, as required by the said act, in that the true or real condition of their affairs and business cannot be ascertained therefrom; and in that such books do not show what moneys, merchandise and property they purchased or received, or what disposition was made of the same; and in that transactions both of moneys received and property sold, amounting to many thousand dollars, are not entered therein; and in that, in other respects, the books are not proper books of account, considering the business and condition of the debtors, or such as would enable a competent person to determine therefrom the real condition of their affairs.

The bankrupts were merchants engaged in business as copartners, from some time in 1866 until June, 1868. The evidence is clear that they kept no cash-book, or account answering the place of a cash-book, between the 2d of March, 1867, and the 2d of January, 1868, and that it is impossible for a competent book-keeper or accountant to ascertain from the books which they kept what was their financial condition when they suspended business, on the 15th of June, 1868. The keeping of a cash-book by merchants such as the bankrupts were, is indispensable. In re Solomon, [Case No. 13,167;] In re Gay, [Id. 5,279;] In re Littlefield, [Id. 8,398.]

The specification, averring as it does, that the bankrupts have not kept proper books of account in their business, in that such books do not show what moneys were received, or what disposition was made of the same, is sufficiently specific to admit evidence that no cash-book whatever was kept for a period of time. In re Littlefield, [Id. 8,398.] Besides, if necessary, an amendment of the specification would, under the circumstances, be allowed. A discharge is refused.

---

## Case No. 1,276.

### In re BELLIS et al.

[3 N. B. R. 270,[1] (Quarto, 65;) 1 Am. Law T. Rep. Bankr. 178; 38 How. Pr. 88.]

District Court, S. D. New York. October, 1869.

BANKRUPTCY — EXAMINATION BEFORE REGISTER—COMPELLING BANKRUPT'S WIFE TO TESTIFY—ATTACHMENT.

The usual order and subpoena were issued for the wife of bankrupt to attend before the reg-

---

[1] [Reprinted by permission.]

ister and be sworn and testify as a witness. She failed to appear, and counsel put in affidavit explanatory of her non-attendance, but questioned the authority of the court to compel her to testify in this cause. *Held*, the proper proceeding is to issue an order to show cause why an attachment should not issue against her.

[See Ex parte Woolford, Case No. 18,029; Ex parte Craig, Id. 3,323; Ex parte Gilbert, Id. 5,410.]

In bankruptcy. The attorney for the assignee in this cause applied before me for the usual order and subpoena for Mrs. Elizabeth R. Milligan, wife of James Milligan, one of the petitioners. The affidavit sets forth the facts, and is sufficient both in form and substance, is duly verified, and upon it the assignee is, by law, entitled to the order and subpoena asked for. In re Julius L. Adams, [Cases Nos. 39 and 40.] Section 26 of the bankrupt law [March 2, 1867; 14 Stat. 529] provides: "For good cause shown, the wife of any bankrupt may be required to attend before the court to the end that she may be examined as a witness, and if such wife do not attend at the time and place specified in the order, the bankrupt shall not be entitled to a discharge, unless he shall prove, to the satisfaction of the court, that he was unable to procure the attendance of his wife." During the trial of this cause, and before the issuing of this order and subpoena, I permitted the attorney for the bankrupts to file an affidavit under section 26 of the bankrupt law, setting forth the reason why she had not obeyed previous orders of the court. I considered that to be the correct practice in order to raise the question under section 26 of the bankrupt law, as to whether the disobedience of the wife to the mandate of the court prohibited the bankrupt Milligan from receiving a discharge. I consider it a well-settled rule of law, that the wife of a bankrupt must obey the orders of the court the same as any other witness, especially when, as in this case, it is shown that within a short time previous to the filing of a petition in bankruptcy by the husband he conveyed to her certain real estate, which now stands in her name of record, and the application asks for her examination touching said real estate. She must attend and be sworn; then any legal excuse or objections can be made in her behalf. "The courts do justice, and also require implicit obedience to their mandates." Any excuse or explanation can at the proper time be given. Courts are very lenient wherever a just or proper cause is shown—sickness and debility are proper excuses. Such excuses should, however, be shown by the certificates of physicians. In this case such certificates, if the facts warrant them, can readily be procured. None, as yet, have been produced before me. The return of the United States marshal shows that the witness was paid certain fees for her attendance as a witness. The proceedings in this cause before me show that the application for the examination of the witness was not made for delay, as the testimony of the witness, if given, must from the very nature of the case be of great materiality, both as to the assignee and the bankrupt Milligan. The courts cannot administer the laws unless they can enforce obedience to their process and orders. It is not the province of the witness to question the rights, power, or duties of the courts. It is their duty to obey. The courts will protect them in all their legal rights. In this case the question whether the wife can be a witness for or against her husband does not arise; as her husband has been adjudicated a bankrupt, his effects, if any, pass into the hands of the assignee, and the contest for the title to the real estate is between the witness and the assignee. Mr. Fuller, one of the counsel for the bankrupt, on presenting the affidavit giving the excuse for the non-attendance of the witness, made a very able and learned argument to show that the court had no power to compel the witness to testify in this cause, and on that ground, under section 26 of the bankrupt law, opposed the granting of the order, and desired that the same be certified to your honor.

I certify, as a matter of law, that this witness must attend and be sworn, and obey the order of the court the same as any other witness. That upon the affidavit showing that the witness was material, the assignee and creditors were entitled to the usual order and subpoena which were granted in this cause. That under and by virtue of said order the witness was compelled to attend. That the excuses shown by the affidavit referred to, unaccompanied by certificates of physicians, were insufficient. That such excuses, and all others which may be shown in extenuation for disobedience to the order of the court, should be shown before your honor, upon the motion on the part of the assignee for an order to show cause why an attachment should not be issued against the witness, etc., etc.

BLATCHFORD, District Judge. Under the circumstances of this case, I think an order to show cause why a warrant should not issue is the proper proceeding.

[NOTE. For prior proceedings in this matter, see Case No. 1.274. For subsequent proceedings, see Case No. 1,275.]

---

## Case No. 1,277.

### The BELLONA.

### [4 Ben. 503.][1]

District Court, S. D. New York. Feb. Term, 1871.

CARRIERS—DELIVERY OF CARGO—BILL OF LADING —EXCEPTION.

Raisins were shipped on a vessel, under a bill of lading which contained a clause exempting

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]